IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Green, #196495, | ) |
| | ) C/A No. 0:09-840-RBH-PJG |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER AND** |
| | ) **REPORT AND RECOMMENDATION** |
| Warden Gregory Knowlin, | ) |
| | ) |
| Respondent. | ) |

The petitioner, Gregory Green ("Green"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on multiple motions filed by Green and on the respondent's motion for summary judgment (Docket Entry 22). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 24.) Green filed a response. (Docket Entry 28.) Additionally, Green's pending motions include a motion for relief of judgment (Docket Entry 10), a motion for bond (Docket Entry 19), a cross-motion for summary judgment (Docket Entry 29), a motion for "judgment as a matter of law" (Docket Entry 33), a motion to "expedite evidentiary hearing or disposition of habeas petition" (Docket Entry 35), a motion for a writ of mandamus (Docket Entry 37), and a motion to amend his Petition (Docket Entry 39). These motions are now before the court for an Order and Report and Recommendation.

### BACKGROUND

Green was indicted in January 2005 in Horry County for trafficking crack cocaine–100 grams or more, but less than 200 grams (05-GS-26-234). (App. at 62, 63; Docket Entry 23-2 at 63, 65.)

Green was represented by Gregory Scott Bellamy, Esquire, and on July 20, 2006 pled guilty pursuant to a negotiated plea agreement to the lesser included offense of trafficking in crack cocaine second offense–10 grams or more, but less than 28 grams. (App. at 3-4; Docket Entry 23-2 at 5-6.) The circuit court sentenced Green to five years' imprisonment. (App. at 14; Docket Entry 23-2 at 16.) Green did not file a direct appeal.

Green filed a *pro se* application for post-conviction relief ("PCR") on April 5, 2007. (Green v. State of South Carolina, 07-CP-26-2024, App. at 17-26; Docket Entry 23-2 at 19-28.) In his application, Green raised the following issues:

1. Ineffective Assistance of counsel

2. Error in sentencing proceeding

3. Prosecutorial breach of plea agreement[.]

(App. at 19; Docket Entry 23-2 at 21.) The State filed a return. (App. at 27-30; Docket Entry 23-2 at 29-32.) Green filed a *pro se* brief on December 19, 2007, in which he presented the following issues:

1. The amendment of the indictment deprived the court of subject matter jurisdiction.

2. The sentencing procedure violated Double Jeopardy Clause.

3. The applicant received ineffective assistance of counsel.

(Docket Entry 1-6.) On April 29, 2008, the PCR court held an evidentiary hearing at which Green was present and testified and was represented by Paul Archer, Esquire. (App. at 31-51; Docket Entry 23-2 at 33-53.) Following Green's testimony, the State made a motion for a directed verdict pursuant to Rule 41(b), SCRCP, contending that Green's testimony presented no basis for the PCR court to grant relief. (App. at 46, Docket Entry 23-2 at 48.) The PCR court granted the State's

motion and denied and dismissed Green's PCR application by order filed May 27, 2008. (App. at 54-61, Docket Entry 23-2 at 56-64.)

Green appealed and was represented by Robert M. Pachak, Esquire, Appellate Defender for the South Carolina Commission of Indigent Defense. (Docket Entry 23-3 at 1-2.) Pachak filed a Johnson[1] petition for a writ of certiorari and a petition to be relieved as counsel on October 21, 2008 in which he presented the following issue:

> Whether the plea court had subject matter jurisdiction to accept petitioner's plea to trafficking in crack cocaine, second offense, when it was not a lesser included offense of trafficking in crack cocaine?

(Docket Entry 23-4 at 8.) The State filed a letter return on October 24, 2008. (Docket Entry 23-5.)

During the pendency of the state PCR appeal, on July 16, 2008 Green filed a *pro se* motion for "relief from judgment or order" with the South Carolina Court of Appeals. (Docket Entry 23-6.) Additionally, Green filed a letter with the South Carolina Supreme Court in which he stated that he was "waiving [his] right to counsel" and "wish[ed] to proceed *pro se* in this matter." (Docket Entry 23-8.) The South Carolina Supreme Court denied Green's motion to proceed *pro se* by letter order dated August 22, 2008. (Docket Entry 23-9.)

Green filed a federal petition for a writ of habeas corpus on September 26, 2008. (See Green v. Reed et al., C/A No. 0:08-cv-03254-RBH, Docket Entry 23-10.) This petition was dismissed without prejudice due to Green's failure to exhaust his state court remedies. (Order, Docket Entry 23-12.) Green appealed the dismissal to the United States Court of Appeals for the Fourth Circuit

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

PJG

([Docket Entry 23-13](#)), which dismissed the appeal on March 17, 2009.  (See Green v. Reed et al., C/A No. 0:08-cv-03254-RBH, Judgment, [Docket Entry 23](#).)

Green filed the instant federal Petition for a writ of habeas corpus on April 1, 2009.  The court takes judicial notice that, during the pendency of the instant matter, the South Carolina Court of Appeals by order dated December 14, 2009 denied Green's petition for a writ of certiorari and issued the remittitur on December 30, 2009.[2]  See [Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)](#) (collecting cases which observe that federal courts may take judicial notice of proceedings in other courts of record).

## FEDERAL HABEAS ISSUES

In his Petition, Green raises the following issues:

**Ground One:**  The Court lack jurisdiction over the subject matter to impose the conviction and sentence in violation of due process.
> **Supporting Facts:**  Petitioner was indicted by a "True billed" indictment for trafficking cocaine base, first offense, more than 100 grams but less than 200 grams.  There was an agreement to plea to a "lesser-included" offense with a five (5) year sentence for full cooperation with Narcotic Division.  After complying with plea agreement, Petitioner entered a plea to "trafficking" "second" offense more than 10 grams but less than 28 grams as a lesser included offense.  As a result, Petitioner pled to an offense in which he was not indicted.

**Ground Two:**  Petitioner was deprived of effective assistance of counsel in violation of the Sixth Amendment.
> **Supporting Facts:**  Counsel's failure to discern the prejudicial effect of the erroneous charge and interpose the approp[r]iate objection to make the Court aware of the necessity of reindictment or proper waiver, downgraded his representation to a level below an objective standard of reasonableness.  As a result, Petitioner was deprived of liberty without due process of law in violation of the 6th and 14th Amendments.

(See Pet., [Docket Entry 1](#) at 5-7.)

---

[2] The clerk of court is directed include these documents as part of the record in this matter.

**DISCUSSION**

I.  **Motion for Relief from Judgment**

On May 8, 2009, Green filed a "motion for relief of judgment or order pursuant to Rule 60(b)(4), Fed. R. Civ. P." (Docket Entry 10.) Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void." The judgment that Green is challenging is his criminal conviction in state court, which he contends is void due to lack of subject matter jurisdiction. Rule 60 of the *Federal* Rules of *Civil* Procedure is not an appropriate mechanism to collaterally attack a *criminal state* court conviction. Therefore, this motion should be denied.

II. **Motion for Default Judgment**

On August 26, 2009, Green filed a motion for a judgment pursuant to Rule 54(c) of the Federal Rules of Civil Procedure. (Docket Entry 33.) Although he cites to Rule 54(c) rather than Rule 55, the gist of Green's motion appears to be that because the respondent failed to respond to Green's motion for summary judgment, he is entitled to a default judgment. Green is in error. First, default judgments against respondents are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. Nov. 4, 2008) (unpublished). Second, the court observes that the

respondent has timely responded to Green's habeas Petition and filed his own motion for summary judgment. Accordingly, a separate response to what would, based on Green's caption, constitute a cross-motion for summary judgment would have been superfluous. Finally, as the respondent timely responded to Green's Petition, his alleged failure to respond to Green's *motion* would not entitle Green to judgment even if Rule 55 were applicable. See Fed. R. Civ. P. 55(a) (permitting entry of default when a defendant has "failed to plead or otherwise defend"). Accordingly, to the extent that Green's motion (Docket Entry 33) is seeking a default judgment it should be denied. However, to the extent that he is seeking a judgment on the pleadings, the court will address these arguments below with the motions for summary judgment.

### III. Motions for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

PJG

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

    **B.**    **Habeas Corpus Standard of Review**

        **1.**    **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**2. Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C. Discussion**

**1. Exhaustion**

The respondent first argues that the Petition should be dismissed based on Green's failure to exhaust his state remedies. (See Respt.'s Ret. & Mem. in Supp. of Summ. J. at 5, Docket Entry 23 at 5.) In support of this contention, the respondent observes that at the time the respondent filed his motion for summary judgment, Green's PCR appeal was still pending before the state appellate courts. However, since the filing of the respondent's motion, the South Carolina Court of Appeals issued an order denying Green's petition for certiorari as well as a remittitur. Accordingly, the court

finds that Green has exhausted his state court remedies. See 17B Charles Alan Wright et al., Federal Practice and Procedure § 4264.8 (3d ed. 2007) ("The federal court can give relief, even though the state remedies had not been exhausted when the habeas corpus petition was filed, if they are exhausted by the time that the federal court acts.").

## 2. Ground One

In Ground One of his federal habeas Petition, Green alleges that the court lacked subject matter jurisdiction to accept his guilty plea for trafficking crack cocaine, second offense, more than 10 grams but less than 28 grams. Green bases this assertion on his contention that this offense does not constitute a lesser included offense of trafficking crack cocaine, first offense, more than 100 grams but less than 200 grams. The PCR court found this claim to be without merit and the state appellate court denied Green's petition for certiorari to review this claim.

The respondent first classifies Green's argument as alleging a defect in his indictment. (See Respt.'s Ret. & Mem. in Supp. of Summ. J. at 6, Docket Entry 23 at 6.) However, in response to the respondent's motion for summary judgment, Green explicitly states that he is not challenging the indictment and concedes that it was a "legally sufficient indictment." (See Docket Entry 28 at 6.) Green reiterates that he is alleging that the plea court was without subject matter jurisdiction to accept his plea because he pled guilty to a crime that he asserts was not a lesser included offense of the one contained in his indictment. The South Carolina Supreme Court, when presented with a similar argument, has stated that the issue was one relating to the sufficiency of the indictment rather than lack of subject matter jurisdiction. Edwards v. State, 642 S.E.2d 738, 740 (S.C. 2007) (concluding that "[t]he plea court, as a court of general sessions, had subject matter jurisdiction to accept [the defendant's] guilty pleas"). The Court further concluded that the plea court had the power to sentence the defendant as a subsequent offender at his guilty plea even though the

indictments listed the statutory provisions for first offenses. Id. Accordingly, to the extent that Green's argument alleges that the indictment was deficient, it is without merit.

Furthermore, even construing this ground as solely alleging a claim for lack of subject matter jurisdiction, Green would not be entitled to federal habeas relief. Green's assertion that the plea court was without subject matter jurisdiction to accept his plea is a question of state law, which is not cognizable in this federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998) (concluding that because a petitioner's allegations that the circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Accordingly, Green is not entitled to federal habeas relief on this ground.

### 3. Ground Two

In Ground Two, Green alleges that his plea counsel was ineffective. Specifically, Green appears to argue that his counsel was ineffective in failing to object to an alleged breach of the plea agreement when Green pled guilty to trafficking "second offense" instead of "first offense." Green argues that he was prejudiced by this failure because a sentence for trafficking second offense requires the defendant to serve 85 percent of the sentence, while a first offense does not include this requirement.

The respondent alleges that this claim is procedurally barred. However, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State."). In this case, the court deems that, in the interest of judicial economy, it is more efficient to proceed directly to the merits of this claim. See 28 U.S.C. § 2254(b)(2); Lambrix, 520 U.S. at 525 ("Judicial economy might counsel giving the [habeas claim] priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

### a. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

*PJG*

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

**b.    Discussion**

The PCR court specifically found that Green waived many of his allegations of ineffective assistance of counsel by failing to raise them at the PCR hearing. (App. at 57, Docket Entry 23-2 at 59.) The PCR court observed that Green was not seeking to undo his guilty plea or a new trial on the charge; rather, Green stated he was only seeking to enforce his constitutional rights. (Id.) Further, the PCR court concluded that Green "[had] not set forth any cognizable allegations of ineffective assistance of counsel, nor [did] he seek any appropriate relief. In fact, [Green] himself acknowledged that his attorney was diligent." (App. at 59, Docket Entry 23-2 at 61.) Accordingly, the PCR court determined that Green failed to meet his burden of proof under Strickland. (App. at 60, Docket Entry 23-2 at 62.) "In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)).

Green's argument in this claim appears to hinge on his assertion that counsel should have objected to what Green asserts was a breach of the plea agreement. A review of the plea transcript reveals that Green explicitly acknowledged that he was pleading guilty to trafficking crack cocaine between 10 and 28 grams as a second offense and, further, that he was aware that he would be required to serve 85 percent of his sentence for this crime. (App at 4, 10, Docket Entry 23-2 at 6,

12.) Moreover, as the PCR court found, Green "very candidly admitted his guilt of selling drugs to try to make money to support his family." (App. at 59, Docket Entry 23-2 at 61.) The PCR court concluded that Green's guilty plea was "freely, voluntar[ily], knowingly, and intelligently entered, and was not the result of any ineffective assistance of counsel." (Id.) Finally, the PCR court noted that the five-year sentence Green received pursuant to the negotiated plea agreement was very favorable to him, considering the fact that he was facing a mandatory minimum of twenty-five years. (Id.)

In Green's response to the respondent's motion for summary judgment, he appears to argue that the plea agreement should have entitled him to plead guilty to trafficking crack cocaine between 10 and 28 grams as a *first* offense. His argument is based on the assertion that trafficking crack cocaine between 10 and 28 grams as a second offense is not a lesser included offense of trafficking crack cocaine between 100 and 200 grams as a first offense.[3] Accordingly, Green contends that counsel's failure to object to this alleged error prejudiced him by requiring him to serve 85 percent of his sentence.

After a thorough review of Green's arguments and the record in this matter, the court finds that Green cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(1). Moreover, Green cannot demonstrate that counsel's failure to object was objectively unreasonable

---

[3] A review of the indictment reveals that it did not actually specify any offense level. Further, Green's indictment states that he was indicted for "Trafficking Crack Cocaine (100 grams or more, but less than 200 grams)" in violation of S.C. Code Ann. § 44-53-375(C)(3). As stated above, Green pled guilty to trafficking crack cocaine (ten grams or more, but less that 28 grams), second offense in violation of S.C. Code Ann. § 44-53-375(C)(1). The court observes that S.C. Code Ann. § 44-53-375(C)(3), unlike statutory provision for the crime Green pled guilty to, does not provide for offense levels and the mandatory minimum for this crime is the same regardless of the offense level. Compare S.C. Code Ann. § 44-53-375(C)(3) with S.C. Code Ann. § 44-53-375(C)(1).

in light of the applicable state law holding, as discussed above, that the plea court has the power to sentence the defendant as a subsequent offender at his guilty plea even though the indictment listed the statutory provisions for a first offense. See Edwards v. State, 642 S.E.2d 738 (S.C. 2007). Moreover, the transcripts reveal that Green acknowledged that he understood the crime he was pleading guilty to and the ramifications of the sentence. For these reasons, Green cannot show that counsel's performance fell below an objective standard of reasonableness and cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Moreover, he certainly has not demonstrated prejudice. Id. Accordingly, Green is not entitled to federal habeas relief on this ground.

    **D.    Conclusion**

Based on the above findings and conclusions, Green is not entitled to federal habeas corpus relief. Therefore, the court recommends granting the respondent's motion for summary judgment (Docket Entry 22) and denying Green's cross-motion for summary judgment (Docket Entry 29).

**IV.    Other Pending Motions**

In light of the above recommendation, the court recommends that Green's motion for bond (Docket Entry 19), motion to "expedite evidentiary hearing or disposition of habeas petition" (Docket Entry 35), and Green's motion for a writ of mandamus (Docket Entry 37) be terminated as moot.

Finally, Green has filed a motion to amend his Petition (Docket Entry 39) to add an additional ground of "actual innocence." Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th

Cir. 1986). In this case, Green's amendment would be futile because a claim of actual innocence is not itself a cognizable ground for federal habeas relief. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (stating that a claim of actual innocence is not a freestanding claim cognizable on federal habeas review, but merely a "gateway through which a habeas petitioner must pass" to have an "otherwise barred unconstitutional claim considered on the merits"). Therefore, Green's motion to amend (Docket Entry 39) is denied.

## ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Green's motion to amend his Petition (Docket Entry 39) is DENIED.

## RECOMMENDATION

Additionally, the court recommends that the respondent's motion for summary judgment (Docket Entry 22) be granted. The court further recommends that Green's motion for relief of judgment (Docket Entry 10), motion for a judgment (Docket Entry 33), and cross-motion for summary judgment (Docket Entry 29) be denied. In light of the court's above recommendations, the court also recommends terminating the remaining pending motions as moot. (Docket Entries 19, 35, & 37.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 21, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).