IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gregory Green, #196495, ) | Civil Action No.: 0:09-cv-00840-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Gregory Knowlin, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Respondent's Motion for Summary Judgment [Docket #22]. The Magistrate Judge further recommends that the Petitioner's Motion for Relief of Judgment [Docket #10], Motion for Judgment as a Matter of Law [Docket #33], and Cross-motion for Summary Judgment [Docket #29] be denied, and the remaining pending motions be terminated as moot. The Petitioner filed timely objections challenging the Magistrate Judge's findings and recommendations. This matter is ripe for review.

**Procedural History and Factual Background**

The Petitioner filed the instant federal Petition for a writ of habeas corpus on April 1, 2009. On July 8, 2009, the Respondent filed a Motion for Summary Judgment. The Petitioner filed a "Response and Memorandum in Opposition to Motion for Summary Judgment" and a Cross-motion for Summary Judgment on July 22, 2009. Additionally, the Petitioner filed a Motion for Relief of Judgment, a Motion for Bond, a Motion for Judgment as a Matter of Law, a Motion to "Expedite

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

Evidentiary Hearing or Disposition of Habeas Petition," and a Motion for a Writ of Mandamus. The Magistrate Judge issued the R&R on January 21, 2010. Subsequently, the Petitioner filed timely objections to the R&R.

The facts in this case are clearly summarized in the Magistrate Judge's R&R and do not need to be restated here. The Court hereby incorporates by reference pages one through four of the R&R. Order and Report and Recommendation, pgs. 1-4 [Docket #40]. Specifically, the Petitioner was indicted in January 2005 for trafficking crack cocaine-one hundred (100) grams or more, but less than two hundred (200) grams under S.C. Code Ann. § 44-53-375(C)(3) (2006). As such, he was facing a mandatory minimum sentence of twenty-five years. In July 2006, he pled guilty pursuant to a negotiated plea agreement to trafficking crack cocaine "second offense"-ten (10) grams or more, but less than twenty-eight (28) grams under § 44-53-375(C)(1)(b), and the circuit court sentenced him to five years in prison.

In his Petition, the Petitioner raised the following issues: (1) The Court lacks jurisdiction over the subject matter to impose the conviction and sentence in violation of due process because he pled to an offense for which he was not indicted; and (2) Petitioner was deprived of effective assistance of counsel in violation of the Sixth Amendment. In the R&R, the Magistrate Judge found that the Petitioner's claims lacked merit.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In his Objections, the Petitioner first reiterates that the "Court lacked jurisdiction over the subject matter to impose the conviction in violation of Due Process." *Objections,* p.2. After carefully reading his Objections, it appears that the Petitioner blends separate challenges to (A) subject matter jurisdiction and (B) the sufficiency of the indictment as it relates to Due Process.[2] The Court will address each challenge separately.

*I. A. Subject Matter Jurisdiction*

Construing the Petitioner's claim as solely alleging a lack of subject matter jurisdiction, the Court finds that he is not entitled to federal habeas relief. The Petitioner's assertion that the plea

---

[2]In response to the Respondent's Motion for Summary Judgment, the Petitioner explicitly states that he is not challenging the indictment and concedes that it was a "legally sufficient indictment." [Docket #23, p.4]. However, in his Objections, the Petitioner blends this concept with the issue of subject matter jurisdiction and states "Petitioner's objection and argument is based on the 'amendment' of the indictment that deprived him of the 'Notice' requirement derived from the Constitutional Principle of Due Process. There is no indictment alleging the charge of trafficking cocaine base, second offense, pursuant to Code 44-53-375(C)(1)(b)." As such, in an abundance of caution, this Court addresses both the sufficiency of the indictment and the subject matter jurisdiction issue.

3

court was without jurisdiction to accept his plea is a question of state law, which is not cognizable in this federal habeas action. *Wright v. Angelone,* 151 F.3d 151, 158 (4th Cir. 1998) (concluding that because a petitioner's allegations that circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review absent a showing of a "complete miscarriage of justice"); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.") As such, the Petitioner is not entitled to federal habeas relief on this ground.

### *I. B. Sufficiency of the Indictment*

Moreover, the Petitioner appears to claim that the plea court was without subject matter jurisdiction to accept his plea because he pled guilty to a crime that he asserts was not a lesser included offense of the one contained in his Indictment. When presented with a similar argument, the South Carolina Supreme Court stated that the issue was one relating to the sufficiency of the indictment rather than lack of subject matter jurisdiction. *Edwards v. State,* 642 S.E.2d 738, 740 (S.C. 2007) (concluding that "[t]he plea court, as a court of general sessions, had subject matter jurisdiction to accept [the defendant's] guilty pleas"). The court further concluded that the plea court had the power to sentence the defendant as a subsequent offender at his guilty plea even though the indictments listed the statutory provisions for first offenses only. *Id.*

In the instant matter, the Petitioner claims that because the Indictment did not allege trafficking cocaine base, **more than 10 grams but less than 28 grams**, it provided insufficient notice and cannot sustain his guilty plea. However, an indictment will sustain a conviction for a lesser included offense. *State v. Fennell,* 209 S.E.2d 433, 434 (S.C. 1974). The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two

4

offenses includes all the elements of the lesser offense. *State v. Bland,* 457 S.E.2d 611, 612 (S.C. 1995). "If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *Id.*

Here, the offense charged in the Indictment is for trafficking crack cocaine-100 grams or more, but less than 200 grams under S.C. Code Ann. § 44-53-375(C)(3), which provides for "a mandatory term of imprisonment of twenty-five years." The Petitioner pled guilty to trafficking crack cocaine "second offense"-10 grams or more, but less than 28 grams under S.C. Code Ann. § 44-53-375(C)(1)(b), which provides "for a second offense, a term of imprisonment of not less than five years nor more than thirty years." Essentially, the Petitioner argues that the offense to which he pled guilty was not a lesser included offense of that charged in the Indictment because it contained the additional "second offense" *element*.[3] However, under South Carolina law, a prior conviction is not an element of the drug distribution offense charged, but is merely a sentence enhancer. *See State v. Scriven,* 529 S.E.2d 71, 73 (S.C. Ct. App. 2000) (finding that § 44-53-370 "contains provisions for sentence enhancement upon conviction for a second or greater offense, [but] these provisions are not elements of the offense."); *cf. Carter v. State,* 495 S.E.2d 773, 777 (S.C. 1998) (Section 44-53-375 does not define a separate crime than § 44-53-370, but merely provides enhanced penalties for certain drugs; "the elements are exactly the same for an offense under both sections."). As such, § 44-53-375(C)(1)(b) does not include an additional element and is a lesser included offense of § 44-53-375(C)(3). Thus, this Court finds that the Indictment was sufficient to put the Petitioner on notice as to what he was called upon to answer and to sustain his guilty plea.

---

[3]According to the Petitioner, "[t]he enhancement of Petitioner's charge to a **second offense** was impermissible. 'Petitioner was pleading to a lesser included offense.' The correct charge should have been 'possession with the intent to distribute,' **First Offense**, pursuant to Code 44-53-375(B)(1). Objections, p.15 (emphasis added).

5

*II. A. Ineffective Assistance of Counsel*

In his Objections, the Petitioner also repeats his claim of ineffective assistance of counsel. Specifically, the Petitioner objects to the finding that "Petitioner cannot demonstrate that the court unreasonably misapplied clearly established Federal law in rejecting that counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984)." *Objections*, p.9. The Petitioner appears to argue that his counsel was ineffective in failing to object to an alleged breach of the plea agreement when he pled guilty to trafficking "second offense" instead of "first offense." The Petitioner argues that he was prejudiced by this failure because a sentence for trafficking second offense requires the defendant to serve 85 percent of the sentence, while a first offense does not include this requirement.

The PCR court determined that the Petitioner failed to meet his burden of proof for this claim under *Strickland*. "In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." *Yarbrough v. Johnson,* 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d)-(e)). A review of the plea transcript reveals that the Petitioner explicitly acknowledged that he was pleading guilty to trafficking crack cocaine between 10 and 28 grams as a second offense and, further, that he was aware that he would be required to serve between five and thirty years for this crime. [Docket #23-2, p.6]. Additionally, as the PCR court noted, the five-year sentence that the Petitioner received was very favorable to him, considering the fact that he was facing a mandatory minimum sentence of twenty-five years. [Docket #23-2, p.61]. Finally, as discussed above, the plea court had the power to sentence the Petitioner as it did even though the Indictment did not reference a "second

6

offense."[4]  For these reasons, the Petitioner can show neither that his counsel's performance fell below an objective standard of reasonableness under *Strickland* nor that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000).  Additionally, this Court finds that the Petitioner has failed to demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, and the Petitioner is not entitled to federal habeas relief on this ground.  *See Williams v. Taylor,* 529 U.S. 362, 409-10 (2000).

*III. A.  Actual Innocence*

Finally, the Petitioner objects to the R&R, asserting his "actual innocence." *Objections*, p.14.  However, a claim of actual innocence is not a cognizable ground for federal habeas relief. *See Herrera v. Collins,* 506 U.S. 390, 404 (1993) (stating that a claim of actual innocence is not a freestanding claim cognizable on federal habeas review, but instead a "gateway through which a habeas petitioner must pass to have [an] otherwise barred constitutional claim considered on the merits").  After carefully reviewing the Petitioner's claim of actual innocence, the Petitioner appears to assert that he is innocent of the offense and sentence to which he pleaded guilty because "[t]he correct charge should have been 'possession with the intent to distribute,' First Offense, pursuant to Code 44-53-375(B)(1)" and he "was misadvised and pled guilty to an offense in which he was

---

[4]See State v. Scriven, 529 S.E.2d 71 (S.C. Ct. App. 2000) (trial court properly sentenced defendant as a third-time drug offender even though the indictment did not allege his prior drug convictions).  Notably, the Petitioner did not dispute his criminal record which included at least one prior drug offense for distribution of cocaine which would qualify as a second offense under the statute he was indicted and to which he pled guilty.  The Petitioner acknowledged at the plea hearing that he was pleading to trafficking in crack cocaine, more than 10 grams but less than 28, second offense, and that he understood what sentence he was facing as a result of his guilty plea.  Accordingly, the sentence enhancement to "second offense" was entirely proper. *Cf. Patterson v. State,* 597 S.E.2d 150 (S.C. 2004) (under S.C. Code Ann. § 44-53-470, a "prior offense" is any drug offense).

7

not indicted." *Objections,* p.15. This Court has already addressed these issues and finds the Petitioner's allegations to be without merit. As such, the Petitioner is not entitled to federal habeas relief on this ground.

Having thoroughly reviewed the entire record, the Petitioner's objections, and the applicable law, this Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate in the Respondent's favor.

## Conclusion

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Respondent's Motion for Summary Judgment [Docket #22] is **GRANTED**. Accordingly, the Petitioner's Motion for Relief of Judgment [Docket #10], Motion for Judgment as a Matter of Law [Docket #33], and Cross-motion for Summary Judgment [Docket #29] are **DENIED**, and the Petitioner's remaining motions are terminated as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 11, 2010